Amis<br>*v.*<br>Merchants<br>Insurance<br>Company.

## Succession of Girod.

The compensation due to a parish judge for the sale of property belonging to a succession though opened in another parish, is that fixed by sec. 5 of the stat. of 28 March, 1813. He is not entitled to the commission allowed to ordinary auctioneers on sales made by them.

APPEAL from the Second District Court of New Orleans, *Canon,* J. *Bodin,* for the appellant. *Duvigneaud,* for the executors, contrâ. The judgment of the court was pronounced by

Rost, J. The appellant, being at the time parish judge of the parish of Assumption, was directed by the Court of Probates of this city, to advertise and sell the property belonging to the succession of the late *Nicholas Girod,* situated within that parish. He made the sale, and was placed on the account rendered by the executors for the fees allowed in such cases by the 5th section of the act establishing an explicit fee bill, approved March 28th, 1813. Bul. & Curry's Dig. 439.

*The appellant opposed the account,* on the ground that the succession, not having been opened in his parish, he did not make the sale by virtue of his office, and was entitled to the commission allowed by law to ordinary auctioneers. His opposition was dismissed, and he appealed. The law relied on by the appellees provides that, in all sales of property belonging to an estate, parish judges shall be authorised to charge and receive one per cent on all sums not exceeding $5000, and half of one per cent on all sums exceeding that amount, and no more. The counsel for the appellant states that the only difficulty is to ascertain whether this provision refers and applies exclusively to property of successions opened before the judge himself, or to the property of any succession whatever.

We are unable to perceive any difficulty in the matter. The law-giver was well aware that the property of successions is often situated in different parishes, and has made ample provision for its administration in such cases. He has, among other things, provided that a uniform commission shall be paid for the judicial sale of it, without reference to its locality. The regulation is in every respect a proper one. The letter of the law which establishes it is clear and free from all ambiguity; and the attempt to disregard it, for the purpose of discovering *aliunde* the *mens legislatoris,* would, in a case like this, be a pretext indeed. C. C. art. 13. *Judgment affirmed.*